| | |
|---|---|
| LAW OFFICE OF CHERYL K. COPPERSTONE, P.C<br>7211 N. Camino De La Cruz<br>Tucson, Az. 85741<br>(520) 628-8888<br><br>**CHERYL K. COPPERSTONE**<br>Bar No. 015009 | |

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re the Matter of:<br>**MICHAEL A. BECHTOLD & IRENE E. BECHTOLD**<br><br>Debtor. | In proceedings under Chapter 13<br><br>Case No. **4:11-bk-32657-JMM**<br><br>Adv Pro No. **4:12-ap-00307-JMM** |
| **MICHAEL A. BECHTOLD & IRENE E. BECHTOLD AND DIANNE C. KERNS, CHAPTER 13 TRUSTEE**<br>Plaintiffs,<br>v.<br>**GMAC MORTGAGE, a Pennsylvania Corporation**<br>Defendant | ORDER AVOIDING LIEN<br>ON REAL PROPERTY |

On **2/09/2012**, Debtors filed a complaint to value the lien of **GMAC** (hereinafter "Lienholder") against the property commonly known as **4347 E. Sunnybrook Lane, Tucson AZ 85712** and more fully described in Exhibit A hereto, which lien was recorded in Pima County on or about **7/20/2006** as docket number **12850,** page **2063** (hereinafter the "Lien"). This lien is in second position and is the approximate amount of $**41,519.33**. The first lien is held by **INDY MAC MORTGAGE SERVICE** in the approximate amount of $**185,601.96.** The property has been appraised and found to have the value of $**161,000.00**. Therefore, there is no secured value in the amount of the Lien.

The court finds that notice of the complaint upon Lienholder was proper. Lienholder having failed to file timely opposition to Debtors' motion, the court hereby orders as follows:

(1.) For purposes of Debtors' <u>Chapter 13 plan only</u>, the Lien is valued at zero. Lienholder

does not have a secured claim and the Lien may not be enforced, pursuant to 11 U.S.C. §§ 506, 1322(b)(2) and 1327, provided that the Chapter 13 case is completed and the **Debtors** receive a discharge.

(2) This order shall become part of the **Debtors'** confirmed Chapter 13 Plan.

(3) Upon entry of a discharge in **Debtors'** chapter 13 case, the Lien shall be voided for all purposes and, upon application by **Debtors**, the Court will enter an appropriate form of judgment voiding the Lien.

(4) If the **Debtors'** Chapter 13 case is dismissed or converted to Chapter 7 before **Debtors** obtain a discharge, this order shall cease to be effective and the Lien shall be retained to the extent recognized by applicable non-bankruptcy law and, upon application by Lienholder, the Court will enter an appropriate form of order restoring the Lien.

(5) Except as provided by separate, subsequent order of this Court, the Lien may not be enforced so long as this order remains in effect.

SINGED & DATED ABOVE.

_____
Judge James M. Marlar
United States Bankruptcy Judge

Copy of the foregoing mailed
this 13th, day of March 2012 to the following:

Dianne C. Kerns, Trustee
PMB # 413
7320 N. La Cholla 154
Tucson, AZ 85741

CORPORATION SERVICE COMPANY
Statutory Agent for GMAC MORTGAGE
2338 W. Royal Palm Rd, Suite J
Phoenix, AZ 85021

GMAC Mortgage
PO Box 4622
Waterloo, IA 50704

EXHIBIT A

<u>Legal Description</u>

LOT 119 OF TOWN AND COUNTRY ACCORDING TO THE PLAT OR RECORD IN THE OFFICE OF THE COUNTY RECORDER OF PIMA COUNTY, ARIZONA, RECORDED IN BOOK 41 OF MAPS, PAGE 23.